UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HASKELL D. WALL** | **CIVIL ACTION NO. 3:12-cv-2690** |
| La. DOC # 530111 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Haskell D. Wall, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on October 15, 2012. Petitioner claims that the Department has refused to give him credit against his sentence for time served in custody prior to conviction; and alternatively that the sentencing court erred when it denied his motion for clarification of sentence which sought credit for time served. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

*Background*

Petitioner was charged with attempted manufacture of methamphetamine in the Fifth Judicial District Court, Franklin Parish. On September 9, 2010, he pled guilty to the offense and was sentenced to serve 8 years at hard labor. According to petitioner, the trial judge ordered that he be credited for time served from April 7 through September 9, 2010. [Doc. 1-1, ¶1-2] Thereafter, he claims the Department "...failed to provide the petitioner with the prior custody

credits for time spent in actual custody..."

On November 8, 2010, he filed a pro se Motion for Clarification of Sentence in the Fifth Judicial District Court. In the motion he alleged that the trial court had ordered that he be credited for time served, but that the Department did not provide credit and thus did not apply the sentence in accordance to the way the Trial Court imposed it. Petitioner asked the trial court to impose the sentence so as to credit him for time served between April 7 and September 9, 2010; and, asked the court to order the Department to "provide proof of compliance." [Exhibit A] On December 2, 2011, the District Court denied the motion without comment. [Exhibit B]

Thereafter, petitioner filed a pro se Petition for Writs of Certiorari, Prohibition, Mandamus, and Review in the Second Circuit Court of Appeals. Therein petitioner again alleged that sentence imposed following conviction provided that he be credited for time served from April 7--September 9, 2010, and that the Department failed to provide the custody credits as ordered. He also claimed that the District Court erred in denying his motion and that the Court violated La. C.Cr.P. art. 880 which mandates credit for time served. [Exhibit C]

On February 16, 2012, the Court of Appeals denied writs and noted, "The applicant ... seeks review of the trial court's denial of his motion to clarify his sentence. In the motion to clarify, the applicant contends that the Department of Corrections has failed to give him the proper credit for time served." The Court then noted that La. R.S.15:571.15 mandates that venue in an action in which an inmate committed to the Department contests the computation of his sentence, discharge, or good time dates shall be in East Baton Rouge Parish. State of Louisiana v. Haskell D. Wall, 47,211-KH. [Exhibit D]

Petitioner sought further review in the Louisiana Supreme Court advancing the same

argument, namely, that despite the order of the sentencing court providing for credit for time served, the Department has failed to provide that credit. Petitioner also alleged that "[t]he Trial Court failed to provide the prior custody credits spent in actual custody prior to sentencing and conviction." [Exhibit E] On September 12, 2012, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Haskell D. Wall vs. State of Louisiana*, 2012-0591 (La. 9/12/2012). [Exhibit F]

Petitioner filed the instant petition on October 15, 2012. Again, he maintains that the trial judge imposed the sentence giving him credit for time served between April 7 and September 9, 2010. He also maintains that the Department failed to provide petitioner with the court-ordered custody credits. Elsewhere he maintains, "A review of the record reveals one error patent. La. Code Crim. P. Art. 880 provides that when imposing a sentence, the court shall give the Defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so." [Doc. 1-1, p. 7]

### *Law and Analysis*

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts

be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (*per curiam*) (internal citation omitted). A *habeas corpus* petitioner fairly presents a claim to the state court by asserting the claim "in terms so particular as to call to mind a specific right protected by the Constitution" or by alleging "a pattern of facts that is well within the mainstream of

4

constitutional litigation." *Coleman v. Dretke*, 395 F.3d 216, 220, quoting from *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231-33 (2d Cir.1992).

A petitioner who presents new legal theories or factual claims in his federal *habeas* petition has not exhausted state court remedies. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Riley v. Cockrell*, 339 F.3d at 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."); *Wilder v. Cockrell*, 274 F.3d at 259 ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir.2001). In other words, to have "fairly presented" his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. at 29-32, 124 S.Ct. at 1349-51 (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim); *Wilder v. Cockrell*, 274 F.3d at 260 ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights.").

Not only must a federal *habeas* petitioner "fairly present" his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.*, *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct.

102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. LSA Const. Art. 5, § 5. Thus, in order to properly exhaust a claim in the Louisiana courts, a federal *habeas* applicant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according to the rules of the state courts (3) to the Louisiana Supreme Court. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Petitioner has not fairly presented his claims in a procedurally correct manner to the Louisiana Courts, and therefore his petition for *habeas corpus* is subject to dismissal. As has been shown in his petition, memorandum, and exhibits, petitioner has alleged inconsistent claims for relief. Initially, he alleged that the Fifth Judicial District Court ordered that he be given credit for time served between April - September, 2010, but that the Department failed to implement that portion of the sentence. Then, he argued that the District Court violated art. 880 when it failed to give him credit for time served.

Clearly, the Second Circuit Court of Appeals assumed that he was contesting the Department's refusal to execute the sentence as ordered by the Court. The Court of Appeals was therefore correct in noting that petitioner's civil action should have been filed in the Nineteenth Judicial District Court as mandated by R.S.15:571.15. Thereafter, both in the Supreme Court and in this Court, petitioner claimed that the trial court erred by failing to give credit for time served.

In short, petitioner has presented inconsistent and mutually exclusive versions of his

complaint in each of the courts that has reviewed his petitions. Since he has not fairly presented the substance of his claims to those courts in a procedurally correct manner, his claims, whatever they may ultimately be, remain unexhausted and dismissal on that basis is appropriate.  Of course, the dismissal will be without prejudice so that once petitioner presents a cogent and consistent argument concerning his sentence to the Louisiana courts, he may, if necessary, return to the appropriate federal court to request *habeas corpus* relief.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because petitioner failed to exhaust available state court remedies prior to seeking *habeas corpus* relief pursuant to §2254.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District

Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers, Monroe, Louisiana, January 22, 2013.

                                                          KAREN L. HAYES
                                                    U. S. MAGISTRATE JUDGE